UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDMUNDO MOZAS,

                    Petitioner,

vs.                               Case No.  2:04-cv-603-FtM-29SPC

WALTER A. MCNEIL, Secretary of the
Florida Department of Corrections,
and BILL McCOLLUM, Attorney General,
State of Florida,[1]

                    Respondents.
_____


**OPINION AND ORDER**

**I. Status**

     Petitioner, Edmundo Mozas, (hereinafter "Petitioner" or
"Mozas"), who is proceeding *pro se* and *in forma pauperis*, initiated
this action by filing a Petition for Writ of Habeas Corpus
("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on November 30,
2004.[2]  Mozas challenges his state court judgment of convictions

_____

     [1]Walter A. McNeil, the current Secretary of the Florida
Department of Corrections, and Bill McCollum, the current Attorney
General are substituted as the proper party Respondents for James
V. Crosby, Jr. and Charlie Crist, pursuant to Rule 25(d)(1) of the
Federal Rules of Civil Procedure.

     [2]The Petition (Doc. #1) was docketed and filed in this Court
on December 2, 2004; however, the Court applies the "mailbox rule"
and deems the Petition "filed on the date it was delivered to
prison authorities for mailing."  Alexander v. Sec'y Dep't of
Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

for trafficking in cocaine, sale or delivery of a controlled substance, and possession of cocaine with intent to sell or deliver arising in the Twentieth Judicial Circuit Court, Collier County, Florida for which he was sentenced to 10 and a half years imprisonment.   Petition at 2.[3]   The Petition raises the three grounds for relief:

> **I.   Trial counsel was ineffective for failing to investigate and raise the defense of voluntary intoxication at Mozas' trial.**
>
> **II.   The State violated Mozas' Fourth Amendment right by denying Mozas' motion to suppress.**
>
> **III. Mozas' Sixth Amendment right to a speedy trial was violated by the trial court or counsel.**

In accordance with the Court's Order, Respondents filed a Response (Doc. #10, Response).  Respondents attach various exhibits in support of their Response (Exhs. ##1-18), a the three volume record on appeal (V-I, V-II, and V-III).  Respondents submit that Petition should be denied because ground one fails to meet the threshold requirement of 28 U.S.C. § 2254 (d) and (e); ground two is barred by Stone v. Powell; and ground three is procedurally

---

[3]Unless specified otherwise, all page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

defaulted.  Response at 1.[4]  Petitioner filed a Reply (Doc. #12,
Reply).  This matter is ripe for review.

## II. Procedural History

Petitioner was convicted after a jury trial of four counts of
sale or delivery of cocaine, four counts of possession of cocaine
with intent to sell, one count of trafficking in cocaine (Case No.
98-1676CFA) and, one count of trafficking in controlled substance
(Case No. 98-1490CFA).  On November 8, 1999, Petitioner was
sentenced to 10 years, 6 months on all counts, to run concurrently.

Prior to trial, while represented by counsel, Petitioner filed
two *pro se* motions to suppress evidence in both cases alleging
entrapment.  V-I at 15-17, 26-27A.  On June 9, 1999, counsel for
Petitioner filed a motion to suppress in Case No. 98-1490, alleging
that at the time of the execution of the warrant there "was no
probable cause for believing the existence of the grounds on which

---

[4]Respondents seek dismissal of the Attorney General of the
State of Florida as a respondent.  Response at 1 n.1.  Rule 2(a) of
the Rules Governing Section 2254 Cases in United States District
Courts (hereinafter the "Rules") provides that applicants in
"present custody" seeking habeas relief should name "the state
officer having custody of the applicant as respondent."  The
Supreme Court has made clear that there "is generally only one
proper respondent to a given prisoner's habeas petition."
Rumsfield v. Padilla, 124 S. Ct. 2711, 2717 (2004).  This is "'the
person with the ability to produce the prisoner's body before the
habeas court.'"  Id.  When the petitioner is incarcerated and
challenges his confinement "the proper respondent is the warden of
the facility where the prisoner is being held, not the attorney
general or some other remote supervisory official."  Id. at 2718
(citations to other authorities omitted).  In Florida, that person
is Walter McNeil, the current Secretary of the Florida Department
of Corrections.  Consequently, the Court will dismiss Bill
McCollum, the Florida Attorney General, as a respondent.

the warrant was issued based upon the affidavit in support of the application for the warrant executed by investigator Tige Thompson." Id. at 35-36.  On July 12, 1999, the trial court heard argument on the motion.  On July 16, 1999, the court issued a written order denying the motion.  Id. at 44.  After conviction, counsel pursued a direct appeal of the denial of the motion to suppress for petitioner.  Exh. #1.  The State filed an answer brief. Exh. #2.  Petitioner filed a Reply.  Exh. #3.  On April 20, 2001, the appellate court *per curiam* affirmed, without written opinion, Petitioner's convictions and sentence.  Exh. #4.

On October 21, 2001, Petitioner filed a *pro se* Rule 3.850 motion raising three claims of ineffective assistance of counsel, including that trial counsel was ineffective for failing to raise the defense of voluntary intoxication (claim two of Petitioner's Rule 3.850 motion).  Exh. #6.  The State filed a response.  Exh. #8.  Petitioner filed a traverse to the response.  Exh. #9.  On April 11, 2002, the court summarily denied claims one and three of Petitioner's Rule 3.850 motion, but granted Petitioner an evidentiary hearing on Petitioner's claim of ineffectiveness of trial counsel for failing to raise the defense of voluntary intoxication (claim two).  Exh. #10.  The court appointed counsel to represent Petition at the evidentiary hearing, which was held on September 26, 2002.  Exhs. #11 and #12.[5]  The court orally denied

---

[5]A copy of the transcript from the September 26, 2002
(continued...)

-4-

Petitioner's claim of ineffectiveness of trial counsel at the conclusion of the evidentiary hearing.  Exh. #12 at 51-52. Petitioner appealed the trial court's ruling and, on August 29, 2003, the appellate court relinquished jurisdiction to the trial court for 45 days for the court to enter a written order.  Exh. #13.  On September 30, 2003, the trial court entered its findings in a written order.  Exh. #14.  Petitioner, represented by the state assistant public defender, filed an appeal.  Exh. #15.  The State filed an answer brief. Exh. #16.  On September 1, 2004, the appellate court *per curiam* affirmed the trial court's denial of post conviction relief without opinion.  Exh. #17; Mozas v. State, 884 So.2d 34 (Fla. 2d DCA 2004).  Mandate issued on October 1, 2004. Exh. #18.

### III.  Applicable § 2254 Law

Mozas filed his timely[6] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action.  Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007);  Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9

---

[5](...continued)
evidentiary hearing is attached at Exh. #12.

[6]The AEDPA imposes a one-year statute of limitations on § 2254 actions.  28 U.S.C. § 2244(d).  Respondents concede that the Petition in this Court was timely filed.  Response at 10.  The Court agrees.

(11th Cir. 2007). Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Prior to the Court reviewing a claim on the merits, certain aspects of the AEDPA, are relevant to this matter.

### A.   Federal Question

A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.

**B.    Exhaustion**

If a ground asserted by a petitioner warrants review by a federal court under § 2254, the petitioner must have first afforded the state courts an initial opportunity to address any federal issues.   28 U.S.C. 2254(b)(1)(A).   This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).   "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).   See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Duncan v. Henry, 513 U.S. 364, 365 (1995)("exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'").

A petitioner must present the same claim to the state court that he now requests the federal court to consider.  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)(citations omitted); Kelly v. Sec'y for the Dep't of Corr., 377 F. 3d 1317, 1343-44 (11th Cir. 2004).   Thus, the exhaustion requirement is not

-7-

satisfied if the claims raised before the state court were not raised in terms of federal law.  Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007).  With regard to claims of ineffectiveness of trial counsel, a petitioner must have presented those claims to the state court "'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" Ogle v. Johnson, 488 F. 3d 1364, 1368 (11th Cir. 2007)(citing McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).

If a petitioner fails to exhaust a claim, the court may dismiss the petition without prejudice to permit exhaustion, if appropriate.  Pliler v. Ford, 542 U.S. 225, 227 (2004); Rose v. Lundy, 455 U.S. 509, 519-20 (1982).  Alternatively, the court has the discretion to grant "a stay and abeyance to allow the petitioner to exhaust the unexhausted claim." Ogle, 488 F.3d at 1370 (citations omitted).

## C.  Procedural Default

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall. 532 F.3d 1184, 1190 (11th Cir. 2008).   "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson, 353 F.3d at 891 (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).   A procedural default may also result from non-compliance

with state procedural requirements.  See Coleman v. Thompson, 501

U.S. 722, 729-30, reh'g denied, 501 U.S. 1277 (1991).

> Federal courts are barred from reaching the
> merits of a state prisoner's federal habeas
> claim where the petitioner has failed to
> comply with an independent and adequate state
> procedural rule.  Wainwright v. Sykes, 433
> U.S. 72, 85-86, 97 S. Ct. 2497, 53 L. Ed. 2d
> 594 (1977).  When a state court correctly
> applies a procedural default principle of
> state law, federal courts must abide by the
> state court decision, Harmon v. Barton, 894
> F.2d 1268, 1270 (11th Cir. 1990), but only if
> the state procedural rule is regularly
> followed, Ford v. Georgia, 498 U.S. 411, 424,
> 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991). . .
> .

Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), cert.

denied, 127 S. Ct. 1823 (2007); see also Baldwin v. Johnson, 152

F.3d 1304, 1317 (11th Cir. 1998) (finding that federal courts may

not review a claim that a petitioner procedurally defaulted under

state law if the last state court to review the claim states

clearly and expressly that its judgment rests on a procedural bar,

and the bar presents an independent and adequate state ground for

denying relief), cert. denied, 526 U.S. 1047 (1999).  This is true

where the appellate court silently affirms the lower court

procedural bar since federal courts should not presume an appellate

state court would ignore its own procedural rules in summarily

denying applications for post conviction relief.  Tower v.

Phillips, 7 F.3d 206, 211 (11th Cir. 1993).

   A procedural default for failing to exhaust state court

remedies will only be excused in two narrow circumstances.  First,

a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize, 532 F.3d at 1190.  "Cause" ordinarily requires a petitioner to demonstrate "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (quoting Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999)).  Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).  To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different." Henderson, 353 F.3d at 892.

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards, 529 U.S. at 451; Henderson, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.3d at 892. See also House, 547 U.S. at 536-37 (prisoner asserting actual innocence must establish that, "in light of new evidence, it is

more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (citation omitted).

### D.   Deference to State Decision

Where a petitioner's claim raises a federal question, was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision.  See, e.g., Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).  See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions

of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, ___ , 127 S. Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the

facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review de novo; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338

-13-

(2006).  Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91.  This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact."  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001) (citation omitted).  An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed de novo. Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006).

Finally, if the state court fails or declines to rule on the merits of a particular claim raised before it, that claim falls outside of the scope of § 2254(d)(1)'s restrictions and the reviewing federal habeas court owes no deference to the state court decision when evaluating that claim.  Davis v. Sec'y Dep't of Corr., 341 F.3d 1310, 1313 (11th Cir. 2003).

**E.  Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains

applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688.  Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006).  A Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id.  A court must adhere to a strong presumption that "counsel's

conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.   An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.   So, omissions are inevitable.   But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court.   Schriro v. Landrigan, ___ U.S. ___, 127 S. Ct. 1933, 1939-40 (2007).   Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.   Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### Ground I. Violation of Petitioner's Sixth Amendment Right /Ineffective Assistance of Counsel

Petitioner asserts that his trial counsel was ineffective for failing to raise an intoxication defense based on Petitioner's cocaine addiction, despite Petitioner advising counsel that he "used drugs all day and night." Petition at 5. Petitioner adopts the argument raised by his post conviction counsel on appeal. Reply at 2. Petitioner argues that the state court erred in finding that counsel was not ineffective because the evidence revealed that counsel did not properly investigate whether an intoxication defense was a viable defense before he rejected it. Exh. #15 at 18. Thus, counsel could not have rejected the intoxication defense as a "tactical decision." Id. Further, Petitioner argues that Petitioner was prejudiced because the jury was not presented with the only viable defense, which would have "allowed [them] to conclude that Mr. Mozas was not guilty because his cocaine addiction and use rendered him incapable of forming the requisite intent on the dates that he was alleged to have committed the crimes." Id. at 28.

Respondent argues that the "the record, on its face, conclusively refutes Petitioner's allegation that he was intoxicated at the time of the offenses to the extent that the element of intent was negated." Response at 15. Respondent cites to Hubbard v. Haley, 317 F.3d 1245, 1260-61 (11th Cir. 2003) in support of trial counsel contention the "defense is inconsistent

with the theory presented at trial that Petitioner did not commit the crimes." Id.

As noted above, Petitioner was afforded an evidentiary hearing on this issue at which he was represented by counsel. See Doc. #12. Trial counsel, Mr. Michael Beal, and Petitioner both testified at the hearing. Id. At the conclusion of the evidentiary hearing, the trial court orally denied Petitioner's claim, stating as follows:

> All right, thank you. I read all these case[s] that you submitted to me. I noted that the two cases submitted by the Defense, are where the court summarily rejected and denied the motion for post conviction relief without having a hearing.
>
> Both of these cases set forth good law, and both of those cases remanded it back to the trial court for an evidentiary hearing to see whether or not involuntary intoxication would be an appropriate defense; that's where we are now.
>
> So the Court has to look at whether or not the evidence shows that he was so intoxicated that he did not, or could not form a specific intent to commit the crime.
>
> Well the way that I see it, he told me he was telling the truth, and that he told me exactly what happened, what happened at the transaction and even though he was innocent, he knew what was happening, he said that's the truth. His mind seems clear to me, and he doesn't seem to be confused about what happened. This would indicate to me that he did have some intent. Also it was brought out that he intended to do these things because he needed some money to support his habit. So that indicates he did know right from wrong, and he also knew what was happening.
>
> Mr. Beal said he didn't seem to be confused about what was happening at the transaction, and he told me that he was jut an innocent bystander and he was arrested. So I think the evidence shows that defendant may have been intoxicated, but he knew - - he wasn't intoxicated enough

> for him not to have the specific intent to commit the
> offense.  So the Court will rule in accordance and deny
> the motion.

E.H. at 51-52.  On September 30, 2003, the trial court, as directed

by the appellate court, issued a written order and held as follows:

> The Court has reviewed the transcript of the hearing of
> September 26, 2002, which is attached and made a part of
> this Order, and finds counsel was not ineffective for
> failing to assert a voluntary intoxication defense.
> Trial counsel was faced with a client who testified at
> the hearing that he knew what was happening and had a
> clear recollection of the facts.  This evidence is
> inconsistent with the theory of voluntary intoxication.

The appellate court *per curiam* affirmed the trial court's ruling

without opinion.  Exh. #17.

   The state's court decision is entitled to deference unless it

is contrary to or involves an unreasonable application of

Strickland, or was based on an unreasonable determination of the

facts in light of the evidence presented in the underlying state

court proceedings.  According to trial counsel, Petitioner did not

advise him that he was "under the influence of cocaine" during the

times of the drug transactions, but instead "was quite adamant"

that "he did not commit any crime."  Doc. #12 at 7-8; 23-24.

Petitioner states that he told counsel he was an addict for thirty

years and requested to get into a program for his addiction.  Id.

at 29-30.  Petitioner acknowledges that counsel considered the

intoxication defense but rejected it because it was "not powerful

enough for the case."  Id. at 33.  Counsel explained that he did

find the intoxication defense appropriate because "Mr. Mozas'

recollection of the events was very clear." Id. at 9. Further, counsel concluded that the defense would have been unsuitable to the case because the crimes involved "a number of transactions" over a period of time. Id.

Counsel's rejection of the voluntary intoxication defense was not deficient since it would have been inconsistent with his defense that he was not guilty of the crimes. See Rivera v. State, 717 So.2d 477, 485 (Fla. 1998)(a "voluntary intoxication defense is, in effect, an admission that you did the crime but lacked the specific intent to be held criminally responsible."). Further, the record supports the trial court's findings that in light of Petitioner's testimony and his ability to clearly remember the details of each of the various transactions and "know right from wrong," Petitioner "wasn't intoxicated enough for him not have the specific intent to commit the offense." Id. at 52. See Linehan v. State, 476 So.2d 1262, 1264 (Fla. 1985)(The court emphasized that a defendant who asserts the defense of voluntary intoxication must establish "evidence of intoxication at the time of the offense sufficient to establish that he was unable to form the intent necessary to commit the crime charged." The court further rejected that the "use of intoxicants" equates to "intoxication."). Having thoroughly considered the record and the applicable law, the Court finds that the state court's denial of Petitioner's ineffective assistance of counsel claim is not contrary to clearly established federal law, did not involve an unreasonable application of clearly

established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

### Ground II.   Violation of Petitioner's Fourth Amendment Right/Motion to Suppress

Petitioner alleges his Fourth Amendment rights were violated when the state court denied his motion to suppress evidence based on the ground that the search warrant was deficient.  Petition at 6.  In particular, Petitioner claims that the search warrant "alleged only a single sale of a controlled substance without further facts suggesting continuing violations of narcotics laws at the premises to be searched." Id.  As set forth above, Petitioner raised and exhausted this ground in his motion to suppress, at the suppression hearing, and on direct appeal.  See *supra* at 3-4.

Petitioner's substantive claim of a violation of his Fourth Amendment rights is not cognizable in this habeas action pursuant to Stone v. Powell, 428 U.S. 465 (1976).  Petitioner's prior exhaustion of this ground triggers the bar of Stone v. Powell, precluding federal review of his Fourth Amendment claim because Florida provided Petitioner with processes for full and adequate consideration of this ground.  Stone is dispositve of this issue.  "Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in the unconstitutional search or seizure was introduced

at his trial." <u>Mincey v. Head</u>, 206 F.3d 1106, 1125 (11th Cir.2000) (citing <u>Stone v. Powell</u>, 428 U.S. at 494-95)).  "[W]here there are disputed facts, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by higher state court." <u>Id.</u>; 206 F.3d at 1126;

Mozas has failed to demonstrate that the suppression hearing conducted by the trial court and the review of trial court's conclusions by the appellate court did not afford him a full and fair opportunity to develop the factual issues of his case.  A review of the procedural history of this matter evidences that Petitioner was provided a "full and fair consideration" of his claims.  Any allegation of state court error in denying a motion to suppress does not suffice to avoid the <u>Stone</u> bar.  <u>See</u> <u>Swicegood v. Alabama</u>, 577 F.2d 1332, 1324 (5th Cir. 1978)(holding that the <u>Stone</u> bar applies despite an error by the state court in deciding the merits of a Fourth Amendment claim.).[7]  Accordingly, <u>Stone</u> bars

---

[7]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

federal habeas review of Mozas' Fourteenth Amendment claim and ground two of the Petition is dismissed.

**Ground III.    Violation of Petitioners' Sixth Amendment Right/Speedy Trial**

Petitioner contends that he languished in jail for "15 months awaiting his trial." Petition at 8. He submits that he filed a *pro se* motion to dismiss his case on speedy trial grounds, and one of his *pro se* motions for speedy trial was argued by his trial lawyer. Id. Petitioner also indicated that he raised this ground "in part" on direct appeal. Id.

Respondent contends that Petitioner did not present this issue to the State appellate courts as evidenced by the record. Response at 20. In his Reply, Petitioner acknowledges that this issue was presented only to the trial court by his *pro se* motions, and was not raised by appellate counsel to the appellate court. Reply at 7.

When a defendant is represented by counsel, *pro se* pleadings filed by the defendant are "nullities." Logan v. State, 846 So. 2d 472, 476 (Fla. 2003); State v. Craven, 955 So. 2d 1182, 1183 (Fla. 4th DCA 2007)(holding that if counsel subsequently adopts a *pro se* motion for speedy trial, the *pro se* motion does not relate back to the filed date since *pro se* motions are unauthorized). Thus, even if the trial court considered and denied Petitioner's *pro se* speedy trial motion, Petitioner was required to appeal the denial of the motion to the appellate court by way of a petition for writ of

-23-

prohibition.   Davis v. State, ___ So. 2d ___, 2008 WL 2951522 (Fla. 1st DCA 2008); Burns v. State, 986 So. 2d 611 (Fla. 3d DCA 2008). Consequently, because Petitioner did not afford the State courts an initial opportunity to address his Sixth Amendment speedy trial issue, the Court finds the issue unexhausted.   28 U.S.C. § 2254(b)(1)(A); Duncan v. Henry, 513 U.S. 365; Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995).

It would be futile to dismiss this case to give Petitioner an opportunity to exhaust this claim on direct appeal since it would be procedurally barred at the state court level.   Petitioner has not shown either cause or actual prejudice to excuse his default. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). Furthermore, Petitioner does not show that he is entitled to the fundamental miscarriage exception.   Thus, the Court finds ground three of the Petition is procedurally barred.

Based upon the foregoing, the Court will deny the Petition with prejudice.   Any other claims not specifically addressed are found to be without merit.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   Bill McCollum, the Attorney General for the State of Florida, is **DISMISSED** as a named Respondent.

2.   The Petition (Doc. #1) is **DENIED**.

3.    The Clerk of the Court shall enter judgment denying the Petition; terminate any pending motions; and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   15th   day of September, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record